## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARY L. GALASSO<br>7 TAYLOR DRIVE<br>FRANKLIN PARK, NJ 08823 | : <br> : <br> : | |
| Plaintiff, | : | CIVIL ACTION NO._____ |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE<br>21 KILMER ROAD<br>EDISON, NJ 08899 | : <br> : <br> : | JURY DEMANDED |
| v. | : | |
| ZAFAR IQBAL<br>104 ROYAL DRIVE, APT 361<br>PISCATAWAY, NJ 08854 | : <br> : <br> : | |
| v. | : | |
| ASHLEY FURNITURE INDUSTRIES, INC.<br>1 Ashley Way<br>Arcadia, WI 54612-1218 | : <br> : <br> : | |
| v. | : | |
| JOHN DOES I-V | : | |
| Defendants | : | |

## COMPLAINT

Plaintiff, Mary L. Gallasso, by and through her attorneys, Gay & Chacker, P.C. by way of Complaint against Defendants, United States Postal Service, Zafar Iqbal, Ashley Furniture Industries, LLC, an John Does I-V, alleges and says:

### Parties

1.      Plaintiff, Mary L. Galasso ("Ms. Galasso") is a citizen and resident of the State of New Jersey, residing therein at 7 Taylor Drive, Franklin Park, NJ 08823.

2.      Defendant, USPS ("USPS"), a government agency, licensed to do business in the State of New Jersey, with a local office in this District located at 21 Kilmer Road, Edison, NJ 08899.

3.      Defendant, Zafar Iqbal ("Iqbal"), is a resident of the State of New Jersey, residing therein at 104 Royal Drive, Apt. 361, Piscataway, NJ 08854.

4.      Defendant, Ashley Furniture Industries, LLC, ("Ashley Furniture") is a Wisconsin business corporation duly organized and existing under the laws of the Commonwealth of New Jersey, which maintains a place of business located at 3730 US-1 North Brunswick, NJ 08902.

5.      Defendants John Doe I through V (the "Doe defendants") are persons or legal entities whose identities have not yet been determined despite the exercise of reasonable diligence and who are or may be responsible for the injuries to Ms. Galasso in whole or in part.

### Jurisdiction and Venue

6.      This action is brought pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., 28 U.S.C. § 1346(b) and 28 U.S.C. § 2401(b).

7.      On April 18, 2022, defendant, United States Postal Service ("USPS"), formally notified plaintiff that a resolution of her claim could not be made in the administrative claim process. See April 18. 2022 letter, a true and correct copy of which is attached hereto and marked as Exhibit "A".

8.      In accordance with 28 U.S.C. § 2401 (b) and 39 C.F.R 912.9(a), plaintiffs are permitted to bring this action in the United States District Court.

9.      Venue is proper in this Honorable Court pursuant to 28 U.S.C.S. §1402(b) as the plaintiff resides in this District, and the acts or omissions complained of occurred in this District.

**Statement of Claim**

10.     On or about August 21, 2021, at approximately 11:58 a.m., Ms. Galasso, was entering the Ashley Furniture's parking lot on her way to work when defendant Iqbal, who was operating a USPS vehicle was exiting the parking lot and struck Ms. Galasso's vehicle. There was a sign allowed to exist on the road from Ashley Furniture and/or the Doe defendants that obstructed the view of the road.

## COUNT I
## Plaintiff v. USPS

11.     Ms. Galasso hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

12.     At the aforesaid date and time, the Defendant, USPS, was the owner of the vehicle driven by Defendant, Iqbal.

13.     Plaintiff avers that defendant, USPS, is liable for the negligent acts of its agent, servant, worker and/or employee, defendant Iqbal, as set forth above and herein under the doctrine of Respondeat Superior.

14.     At the aforesaid date and time, the defendant, Iqbal was the agent, servant, workman and/or employee of the defendant, USPS, engaged in the service of and the performance of the duties of the defendant, USPS.

15.     At the aforesaid date and time, the negligence of the defendant, USPS, consisted of permitting their vehicle to be operated by defendant USPS, although they knew, or in the exercise or reasonable care, should have known that defendant Izbal had propensities toward negligence and/or reckless operation of motor vehicles.

16.     This incident resulted from the negligence and carelessness of the USPS, by and through its agents, servants, workmen and/or employees acting within the course of their employment and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff, Galasso.

17.     As a result of the aforesaid incident, Plaintiff, Gallaso suffered injuries which include but are not limited to: Cervical radiculopathy, cervical facet syndrome/spondylosis, lumbar facet syndrome/ spondylosis, occipital neuralgia/headaches, thoracic facet syndrome/spondylosis, lumbar radiculopathy, thoracic radiculopathy, sacroilitis, cervical HNP/bulge, lumbar HNP bulge and other ills and injuries.

18.     As a direct and proximate result of the conduct of the USPS, by and through its agents, servants, workmen and/or employees acting within the course of their employment as aforesaid, Plaintiff, Galasso, has suffered and will continue to suffer in the future great pain and suffering with mental and physical traumatic anxiety reaction, nervousness and other psychological and emotional disorders depriving the said Plaintiff of life's pleasures together with great embarrassment and humiliation.

19.     As a direct and proximate result of the conduct of the USPS by and through its agents, servants, workmen and/or employees acting within the course of their employment, the Plaintiff, Galasso, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to effect a cure for the aforesaid injuries.

20.     As a direct and proximate result of the conduct of the USPS, by and through its agents, servants, workmen and/or employees acting within the course of their employment, the plaintiff, Galasso, has and will in the future be unable to attend or perform her usual daily duties and occupations, all to her great detriment and loss.

*Page 4 of 6*

21.     As a further direct and proximate result of the conduct of the USPS, by and through its agents, servants, workmen and/or employees acting within the course of their employment, the Plaintiff, Galasso, has and will be deprived in the future of earnings and earning capacity all to her great detriment and loss.

WHEREFORE, plaintiff demands judgment against defendant, United States United States Postal Service for compensatory damages, interests, costs of suit and all other relief this Court deems proper.

### Count II
### Ms. Galasso v. Defendant Iqball

22.     Ms. Galasso hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

23.     The negligence of the defendant Iqball consisted of the following:

    a.  failing to properly operate and control his motor vehicle.

    b.  failure to keep a proper lookout;

    c.  negligently entering the path of oncoming traffic;

    d.  failure to travel a reasonable speed;

    e.  failing to observe the traffic conditions on driveway at issue;

24.     As a result of the aforesaid incident, Ms. Galasso suffered injuries and losses as described in Count I and incorporated herein.

WHEREFORE, plaintiff demands judgment against defendant Zafar Iqbal for compensatory damages, interests, costs of suit and all other relief this Court deems proper.

**Count III**
**Ms. Galasso v. Ashley Furniture and The Doe Defendants**

25.     Ms. Galasso hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

26.     Plaintiff avers that Ashley Furniture and/or the Doe defendants are liable for the negligent acts of their agents, servants, workers and/or employees, as set forth above and herein under the doctrine of Respondeat Superior.

27.     At the aforesaid date and time, the negligence of Ashley Furniture and/or the Doe defendants consisted of designing and permitting a sign to exist that blocked the view of drivers operating in the parking lot where the collision at issue occurred, impeding the safe travel of vehicle by obstructing drivers view.

28.     As a result of the aforesaid incident, Ms. Galasso suffered injuries and losses as described in Count I and incorporated herein.

WHEREFORE, plaintiff demands judgment against defendant, Ashley Furniture and defendants, John Does I-V for compensatory damages, interests, costs of suit and all other relief this Court deems proper.

Brian S. Chacker, Esquire
Gay & Chacker, P.C.
1731 Spring Garden Street
Philadelphia, PA  19130
(215) 567-7955
bchacker@gaychackermittin.net

**Attorneys for Plaintiffs**
**Mary Galasso**

Date: October 13, 2022

*Page 6 of 6*